**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Moises Adrian Tax Tiu,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**David Wesling, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-13462-NMG** |

**MEMORANDUM AND ORDER**

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Moises Adrian Tax Tiu ("petitioner" or "Tax Tiu"). He contends that David Wesling and other named respondents (collectively, "respondents") have subjected him to mandatory detention despite his claim that he is entitled to procedures under 8 U.S.C. §1226(a). For the following reasons, the petition will be allowed.

## I. Background

Tax Tiu is a native and citizen of Guatemala. He entered the United States without in April, 2024, and was immediately detained by immigration authorities. Soon thereafter, Tax Tiu passed a credible fear interview and was paroled into the country pursuant to 8 U.S.C. §1182(d)(5) on May 14, 2024. That parole expired on May 14, 2025.

Since the expiration of his parole, Tax Tiu has been living in Massachusetts with his family and daughter who is a United States citizen. He has applied for asylum, withholding of removal and protection under the Convention Against Torture.

On July 17, 2026, Tax Tiu was arrested by the Waltham, Massachusetts, Police Department for Assault and Battery on a Family/Household Member. He was released the next day but immediately detained by immigration authorities pursuant to a Form I-200 arrest warrant.

## II. **Petition for Writ of Habeas Corpus**

Tax Tiu claims that, as a noncitizen arrested within the interior of the United States, he is entitled to a bond hearing under 8 U.S.C. §1226(a). The government rejoins that because petitioner's parole under §1182(d)(5) expired on May 14, 2024, his arrest returns him to the mandatory detention scheme of §1225(b)(1) from which he was paroled.

This case presents issues nearly identical to those present in Celestin v. Wesling, No. CV 26-11249-NMG, 2026 WL 1031165 (D. Mass. Apr. 16, 2026). In that case, petitioner, a Haitian national, was detained by the government four years after the expiration of his parole under §1182(d)(5). This Court acknowledged that, despite the belated arrest, the expiration of that petitioner's parole required a return to custody under §1225(b)(1). It also reasoned that

> during the four-year interim petitioner lived freely in the interior, establishing the kind of sustained connections to the country that tend to implicate due process concerns.

Id. at *2. This Court ultimately concluded that those due process concerns required the government to provide petitioner with a bond hearing.

While the petitioner in this case was arrested two years after the expiration of his parole, rather than four years in Celestin, the Court concludes that the distinction is immaterial. The government has not forfeited its right to re-detain Tax Tiu pursuant to §1225(b)(1) but it is nevertheless required to provide him a bond hearing that comports with the requirements of due process.

**ORDER**

For the foregoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED.** Tax Tiu is to be released unless he is afforded a bond hearing that complies with the standards in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven days of the date of this order.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: August 21, 2026